# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | |
|---|---|
| Janice Workman )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>)<br>Specialized Management Services, Inc. )<br>    *Defendant* )<br>Serve: )<br>    David White )<br>    5017 Country Club Drive )<br>    Meridian, MS 39305 )<br>) | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

    1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which was enacted to eliminate abusive debt collection practices by debt collectors; and the Fair Credit Reporting Act, 15 U.S.C. § 1692 et seq. ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

### JURISDICTION

    2.    This Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k, FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1367.

### PARTIES

    3.    Plaintiff Janice Workman is a natural person who resides in Madison County, KY. Ms. Workman is a "consumer" within the meaning of the FDCPA, defined at 15 U.S.C. § 1692a(3); and the FCRA, as defined at 15 U.S.C § 1681a (c).

    4.    Specialized Management Services, Inc. ("SMS") is a Mississippi corporation which has not registered with the Kentucky Secretary of State. SMS's principal place of business is

located at 1825 24th Avenue, Meridian, MS 39301.

5. SMS regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. In reviewing her consumer credit reports in an attempt to improve her credit, Plaintiff Janice Workman discovered that Defendant Specialized Management Services, Inc. ("SMS") was furnishing false negative credit information concerning several alleged medical debts on her consumer credit reports supplied by Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and Trans Union, LLC ("Trans Union") (collectively, the "CRA's").

7. The SMS medical debts were incurred for personal or family purposes, which makes the SMS medical debts all "debts" within the meaning of the FDCPA.

8. SMS furnished the negative credit information to Equifax, Experian, and Trans Union concerning the medical debts at issue for purposes of coercing Ms. Workman and collecting the debts from her. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

9. On July 31, 2017, Ms. Workman sent dispute letters to the CRA's disputing the credit information furnished by SMS in connection with the medical debts at issue.

10. The CRAs had an affirmative duty under 15 U.S.C. § 1681i(2) to send SMS prompt notice of Ms. Workman dispute within five (5) business days of receiving the dispute.

11. The CRA's complied with their statutory duty and sent SMS notice of Ms. Workman's disputes.

12. Upon receiving Ms. Workman's dispute from the CRA's, SMS had a statutory under the FCRA to conduct a reasonable investigation of Ms. Workman's disputes and to notify the CRA's that Ms. Workman had disputed the SMS medical debts.

13. SMS failed to comply with its statutory duty to notify the CRA's that Ms. Workman had disputed the SMS medical debts.

14. The CRA's notice of the results of its reinvestigation results failed to note that Mr.

Workman had disputed the SMS medical debts.

15. SMS violated the FDCPA by transmitting false credit information concerning Ms. Workman and the SMS medical debts to one or more consumer reporting agencies, and by failing to note that Ms. Workman had disputed the SMS medical debts.

16. SMS violated the FCRA by failing to note that Ms. Workman had disputed the SMS medical debt.

## CLAIMS FOR RELIEF

**I.  Violation of the FDCPA**

17. The foregoing acts and omissions of Specialized Management, Services, Inc. constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

**II.  Violations of the FRCRA**

18. Specialized Management Services, Inc. ("SMS") violated 15 U.S.C. § 1681s-2(b). After being informed by the CRA's that Janice Workman disputed the accuracy of the information it was providing concerning Ms. Workman and the SMS medical debts, SMS willfully failed to conduct a proper investigation of Ms. Workman's dispute filed with the CRA's that SMS was furnishing false negative credit information about Ms. Workman and the SMS medical debts.

19. SMS willfully failed to review all relevant information purportedly provided by the CRAs to SMS in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

20. SMS willfully failed to direct the CRA's to delete inaccurate information about Ms. Workman pertaining to SMS medical debts as required by 15 U.S.C. §1681s-2(b)(C) and failed to note that Ms. Workman had disputed the SMS medical debts as required by 15 U.S.C. § 1681s-2(b). *See Seamans v. Temple Univ.*, 744 F.3d 853, 867 (3d Cir. 2014) (holding "that a private cause of action arises under 15 U.S.C. § 1681s–2(b) when, having received notice of a consumer's potentially meritorious dispute, a furnisher subsequently fails to report that the claim is disputed").

21. As a result of SMS's failure to conduct a reasonable investigation of Ms. Workman's dispute, Ms. Workman suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress.

22. Janice Workman has a private right of action to assert claims against SMS arising

under 15 U.S.C. §1681s-2(b).

23. SMS is liable to Janice Workman for the actual damages Ms. Workman has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. §1681n.

24. In the alternative, SMS's conduct, actions and inactions were negligent rendering SMS liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Janice Workman, requests the Court grant her relief as follows:

a. Award Plaintiff actual damages;

b. Award Plaintiff statutory damages pursuant to the FDCPA and FCRA;

c. Award Plaintiff punitive damages under the FCRA;

d. Award Plaintiff reasonable attorney's fees and costs;

e. A trial by jury; and

f. Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Ave. Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
E-mail: jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207

Tel: (502) 473-6525
Fax: (502) 473-6561
E-mail: james@kyconsumerlaw.com

-5-